UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHIJIOKE BOMANI BEN YISRAYL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18-CV-840 JD-MGG |
| vs. | ) | |
| | ) | |
| SGT. REED, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Chijioke Bomani Ben Yisrayl, a *pro se* prisoner, filed a complaint against Sgt. Reed for confiscating his personal property at the Indiana State Prison on November 16, 2016. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In this case, Yisrayl alleges that, on November 16, 2016, Sgt. Reed confiscated his Xbox 360 video game console and accessories. He seeks a return of his property. This is not the first time that Yisrayl has raised this claim. He has admittedly litigated this claim in the state courts. ECF 1 at 2. In *Yisrayl v. Reed*, 46D04-1701-SC-225 (LaPorte Superior Court filed January 30, 2017), he sued this same defendant based on the same event. The LaPorte Superior Court ruled in Sgt. Reed's favor and dismissed the case with prejudice. Yisrayl's appeal was dismissed and the Indiana Supreme Court denied transfer. *Yisrayl v. Reed*, 46A03-1706-SC-1524.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In Indiana, for *res judicata*, or claim preclusion to apply, the question is whether the following four factors have been met: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was

between parties to the present suit or their privies." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010).

It is quite clear that Yisrayl's claim fits the bill. First, there is no question that the LaPorte Superior Court had jurisdiction over both State and federal claims. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901 (7th Cir. 2010) ("State courts possess not only the authority but also the duty to enforce federal law."). Second, the Laporte Superior Court dismissed the case with prejudice and entered a final judgment, which was not overturned on appeal. Third, the current claims against the defendant stem from the same complained of confiscation of Yisrayl's personal property. All of Yisrayl's claims were or could have been determined in the prior action. Last, the defendant in this case is the same as in the State court case.

It is clear that Yisrayl believes that the State court's adjudication was erroneous. However, under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and it applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Since this court cannot review the judgment rendered by the State Court in Yisrayl's case, it is legally frivolous to ask this court to do so.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte, see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile.

*Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the bar of *res judicata* or the Rooker-Feldman doctrine.

Accordingly, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 19, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court