UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHIJIOKE BOMANI BEN YISRAYL,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-840-JD-MGG

SGT. REED,

Defendant.

OPINION AND ORDER

Chijioke Bomani Ben Yisrayl, a prisoner without a lawyer, filed a motion seeking relief from this court's judgment entered against him. ECF 7. Because the motion was filed within 28 days of dismissal, the court construes it pursuant to Federal Rule of Civil Procedure 59(e). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal quotation marks and citation omitted).

Yisrayl's complaint, which seeks the return of his Xbox video game console and accessories, was dismissed as barred by the doctrine of *res judicata* because the Indiana state courts had previously rendered a final judgment on the merits of his claim that

Sgt. Reed illegally confiscated those items in violation of Indiana Code §§ 11-11-2-2 and 3.[1] *See Ross ex rel. Ross v. Bd. of Educ. of Tp. High Sch. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2007) ("Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.") (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Indiana law[2] provides that claim preclusion applies when "all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010). Here, it is undisputed that the former judgment was rendered by a court of competent jurisdiction on the merits and that the controversy adjudicated in the former action was between parties to the present suit; it appears that Yisrayl's argument centers solely on whether all matters now at issue were, or could have been, determined in the prior action. *See id*. Specifically, Yisrayl states that his claims are not barred by *res judicata* because no federal claims—including Fourteenth Amendment issues—were ever presented to the Indiana courts, and this lawsuit is the "first and only time" his federal claims can be raised. ECF 7 at 2.

---

[1] Yisrayl brought an action in replevin against Sgt. Reed in small claims court seeking the return of his Xbox, Xbox games, and Xbox controllers. The LaPorte Superior Court ruled in Sgt. Reed's favor and dismissed the case with prejudice. *See Yisrayl v. Reed*, No. 46D04-1701-SC-225 (LaPorte Super. Ct. filed Jan. 30, 2017), available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik5qQTRNVEF5T1RFd016Z3dPakkzT1RZMU1UWXlPVFE9In19 (last visited September 10, 2019). Yisrayl then appealed, but the judgment of the small claims court was affirmed, and the Indiana Supreme Court denied transfer. *See Yisrayl v. Reed*, No. 46A03-1706-SC-1524 (Ind. Ct. App. filed June 30, 2017), available online at: https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IllUQTBNekF5T1RFd016Z3dPalEyT0RnMU56Y3lZV0U9In19 (last visited September 10, 2019).

[2] Because an Indiana state court rendered the judgment at issue, Indiana law must be applied to determine whether *res judicata* bars Yisrayl's claims. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999).

Yisrayl's argument betrays a "fundamental misunderstanding about the structure of the parallel judicial systems in the United States . . .." *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901 (7th Cir. 2010). As noted by the court in *Gilbert*:

> Unless Congress has chosen to confer exclusive jurisdiction on the federal courts for a particular set of cases—and it has not done that here—either the federal or the state courts are competent to adjudicate questions of federal law, including questions of constitutional law. State courts possess not only the authority but also the duty to enforce federal law. U.S. Const. art. VI, cl. 2. The Supreme Court has held that state-court judgments in § 1983 cases are subject, by virtue of the full faith and credit statute, 28 U.S.C. § 1738, to the ordinary rules of claim and issue preclusion in later federal-court cases.

*Id.*[3] Thus, it is clear that state courts are competent to adjudicate constitutional matters including due process concerns. *See also Lowery v. Hous. Auth. of City of Terre Haute*, 826 N.E.2d 685, 689 (Ind. Ct. App. 2005) (appeal affirming small claims eviction proceeding discussing procedural and substantive due process issues under the Fourteenth Amendment). The question here is "whether the present claim was within the issues of the first or whether the claim presents an attempt to split a cause of action or defense," and the test generally used in Indiana for assessing that is the identical evidence test. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046–47 (Ind. Ct. App. 2011) (citation omitted). The Indiana Court of Appeals has clarified that the test should be applied practically rather

---

[3] The holding in the *Gilbert* case hinged on the application of the *Rooker-Feldman* doctrine rather than *res judicata* due to the fact that Gilbert's injuries flowed directly from the state appellate court decision as opposed to the actions of the defendants. *See Gilbert*, 591 F.3d at 900-01; *see also Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 701-03 (analyzing the application of *Rooker-Feldman* versus the doctrine of *res judicata* to the plaintiff's due process claims). Here, *res judicata* applies because Yisrayl's federal claims allege a prior injury—namely, the confiscation of his Xbox and accessories by Sgt. Reed pursuant to I.C. § 11-11-2-2—that the state court failed to remedy. *See Centres*, 148 F.3d at 702-03; *see also Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002) (finding that the preclusion doctrine applied because the injury complained of was the "underlying taking" and not the state court's order). Either way, the concept of parallel judicial systems described in *Gilbert* stands.

than literally. *Id.* at 1047–48; *see also Freels v. Koches*, 94 N.E.3d 339, 343–44 (Ind. Ct. App. 2018). In *Hilliard*, the court determined that the plaintiff's subsequently filed claims were barred by *res judicata* because the same general evidence—which had been available since the beginning of the first lawsuit—would have been used to adjudicate all of the new claims seeking the same ultimate relief. *Hilliard*, 957 N.E.2d at 1047. The court reasoned that letting the plaintiff's second lawsuit proceed "would be allowing the possibility of endless litigation . . . as long as she withheld some piece of evidence or some legal theory, she could attempt to litigate her claims again until she got a ruling in her favor. This would completely eviscerate the doctrine of res judicata." *Id.* at 1048; *see also Freels*, 94 N.E.3d at 344 (confirming that claim preclusion attaches to the judgments of Indiana's small claims courts, rejecting a literal application of the identical evidence rule, and finding that plaintiff's new claims were barred because they could and should have been litigated in her first lawsuit).

Yisrayl's replevin action before the LaPorte Superior Court accused Sgt. Reed of "confiscating [his] personal property . . . for no reason at all in violation of Indiana Code Section 11-11-2-3 and his property rights" and sought "the items' return and a declaration that he was entitled to them." *Yisrayl v. Reed*, 98 N.E.3d 644, 645 (Ind. Ct. App. 2018), *transfer denied*, 110 N.E.3d 1147 (Ind. 2018). In affirming the judgment of the trial court, the appellate court acknowledged that prisoners in general have due process rights in their personal property, discussed the evidence presented by the parties and

the relevant sections of the Indiana Code,[4] and concluded that Sgt. Reed was entitled to judgment as a matter of law because he "seized the Xbox and accessories in accordance with Indiana Code Section 11-11-2-4, giving Yisrayl written notice of the ground of the seizure and advising him of the facility's grievance procedure." *Id*. at 644–47. Yisrayl's current complaint describes the same actions by Sgt. Reed, complains of the same injury, relies on the same evidence, and seeks the same ultimate relief. *See generally* ECF 1. The fact that he has brought this suit pursuant to 42 U.S.C. § 1983 and has interjected a constitutional due process argument into the matter[5] does not dispel the *res judicata* concerns outlined in this court's dismissal order. His additional claims could have been litigated in his first action but were not; thus, they are barred. *See Freels*, 94 N.E.3d at 344 (emphasizing that claim preclusion prohibits the subsequent litigation of any matter that "could have been" determined in the prior action); *see also Durhan v. Neopolitan*, 875 F.2d 91, 95–96 (7th Cir. 1989) (applying Illinois *res judicata* law and determining that the plaintiff's federal due process claims under 42 U.S.C. § 1983 were barred because the previous state court replevin action also challenged the "lawfulness" of the defendants' conduct "to determine whether plaintiff was unlawfully deprived of his property interests").

Moreover, even if *res judicata* did not apply, to the extent Yisrayl is now arguing that his complaint states an independent Fourteenth Amendment claim based on

---

[4] Ind. Code §§ 11-11-2-2 though 4.

[5] Yisrayl alleges that "IC 11-11-2-2, and related statutes have been violated, and that they created a 14th Amendment issue to be addressed by this Court in determining whether the defendant [has] violated state and federal law by confiscating this property." ECF 1 at 3.

5

inadequate state court remedies, this argument fails. Yisrayl's complaint alleges that Sgt. Reed confiscated his Xbox and accessories "by means that is contrary to law" and that "Indiana does not have adequate means for Yisrayl to retrieve the property that has been taken from him." ECF 1 at 2. In his motion to reconsider, Yisrayl avers:

> Before Yisrayl filed his state law claim, he could not prove that the state law remedies were inadequate. He thus could not present any 14th Amendment claims to any court until after he could show that the remedies provided by Indiana Tort Claims Act are inadequate. Yisrayl has alleged that remedies provided by state law are inadequate, and he has gone through the state court process in order to be able to prove this claim.

ECF 7 at 1–2. While it is true that the Fourteenth Amendment protects against deprivations of property without due process of law, the unauthorized intentional deprivation of a prisoner's property by a state employee does not violate the Constitution if a "meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana provides such remedies—namely, the Indiana Tort Claims Act (Ind. Code §§ 34-13-3-1 *et seq.*) and/or a replevin action (Ind. Code § 32-35-2-1)—to redress claims like Yisrayl's. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (affirming district court's dismissal of prisoner's Fourteenth Amendment claims because he had "an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due"); *see also Gable v. City of Chicago*, 296 F.3d 531, 540 (2002) (finding that Illinois replevin law, which is similar to Indiana's replevin law, provides adequate due process for those seeking the return of their property). Although Yisrayl alleges generally that the adverse decisions by the Indiana courts related to his replevin action rendered those remedies inadequate, "[t]he fact that

[his] attempt to litigate his claims in state court was unsuccessful does not establish that Indiana's remedy is inadequate." *Higgason v. Morton*, 171 Fed. Appx. 509, 513 (7th Cir. 2006) (finding that prisoner's federal due process claim related to the intentional deprivation of his personal property—which was brought after the small claims court dismissed his earlier lawsuit—should have been immediately dismissed for failure to state a claim because the Indiana Tort Claims Act provided an adequate postdeprivation remedy); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (only postdeprivation remedies that are "meaningless or nonexistent" are inadequate); *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1350 (7th Cir. 1986) ("Due process does not guarantee correct outcomes in every case [because] that would make every error of state law that deprived a person of liberty or property a federal constitutional error, which is an absurd proposition.") (internal citation omitted)); *Hardiman v. Hartley*, 842 F. Supp. 1128, 1131 (N.D. Ind. 1993) (no federal due process claim related to the intentional deprivation of prisoner's craft supplies because there was an adequate postdeprivation remedy which the plaintiff had availed himself of by bringing a small claims action in state court for the withheld or destroyed property; specifically, the Indiana Tort Claims Act satisfied due process even though he lost his previous lawsuit). Thus, Yisrayl has not raised a colorable due process claim.

In sum, Yisrayl has not demonstrated that this court's dismissal order was based on a manifest error of law or fact, *see Harrington*, 433 F.3d at 546, so his motion must be denied.

For these reasons, the court DENIES Chijioke Bomani Ben Yisrayl's motion for relief from judgment (ECF 7).

SO ORDERED on September 16, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT